UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

GENEVIEVE BALLIETTE,
    PLAINTIFF,

v.

DALE CORBETT, MIKE BATES,
and VAN ZANDT COUNTY, TEXAS.
    DEFENDANTS.

CIVIL ACTION

No.: _____

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW GENEVIEVE BALLIETTE, Plaintiff, and brings this action pursuant to 42 U.S.C. § 1985 and 28 U.S.C. §§ 1331 and 1343 and files this, her Original Complaint. Plaintiff further invokes the supplemental jurisdiction of this Court to entertain claims arising under state law, in particular, that of violation of trespass to real property.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1985 and original jurisdiction based upon 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper as the acts complained of occurred in Van Zandt County, Texas and are within this District.

### PARTIES

3. Plaintiff, GENEVIEVE BALLIETTE (hereafter "Deputy Balliette"), is a citizen of the United States and long-term resident of Hunt County, Texas.

4.      Defendant DALE CORBETT (hereafter "Defendant Corbett") was at all times relevant the elected Sheriff of Van Zandt County, Texas; with a term of office extending from January 1, 2017, through December 31, 2020.  Defendant Corbett is sued individually for his actions taken in an administrative capacity while in the course and scope of his employment as the Sheriff of the Van Zandt County Sheriff's Department.  Defendant Corbett will be served by private process at his residence or at such other place as he may be found, his residence being in Kaufman County or as may be agreed.

5.      Defendant MIKE BATES (hereafter "Defendant Bates") was at all times relevant the Deputy Chief of Van Zandt County, Texas; and occupying the position during the pendency of Sheriff Corbett's term of office. Defendant Bates is sued individually for his actions taken in an administrative capacity while in the course and scope of his employment as the Deputy Chief for the Van Zandt County Sheriff's Department.  Defendant Bates will be served by private process at his residence or at such other place as he may be found, his residence being in Van Zandt County or as may be agreed

6.       Defendant VAN ZANDT COUNTY, TEXAS (hereafter Defendant "County" or "Van Zandt County Sheriff's Department" or "Department"), is a sub-division of the State of Texas and is sued for the actions of the Van Zandt County Sheriff's Department.  Defendant Van Zandt County may be served with summons by serving its County Judge, Mr. Don Kirkpatrick, Van Zandt County Courthouse, 121 E. Dallas St., Ste. 106, Canton, Texas, 75103, telephone 903.567.4071.

## GENERAL ALLEGATIONS

7. .     At all times relevant to the claims asserted herein, Deputy Balliette was a Sheriff's Deputy

for the Van Zandt Sheriff's Department.  She was hired in 2015 to serve as the Property/Evidence Manager.  From the commencement of her employment until her termination, Deputy Balliette sought to address deficiencies and practices inconsistent with Van Zandt policies, law enforcement practices, and the training she had received.  The basis for not addressing the deficiencies and bad practices were variations of: (i) the lack of funding, (ii) that that was not how things were done in Van Zandt County, or (iii) they would get back to her.

8. The Property/Evidence system at Van Zandt County may be described best as suffering from benign neglect.  In addition to the small Evidence room within the physical structure of the Van Zandt County Sheriff's office, there were numerous intermodal container trailers, also referred to as shipping containers, stored in the exterior of the building.  These specific containers appear to be of a type used by the U.S. Army and referred to as CONEX trailers.  In addition to the CONEX trailers, there was a wheeled trailer in which property and evidence was stored.  Not all containers stored were secured with locks and at least one was not capable of being secured.

8. This attitude and practice successfully survived the change of administration to that of Sheriff Corbett in 2017.  In 2018, Van Zandt Sherriff's Department management was informed by Deputy Balliette that the Department was not in compliance with minimum State standards; to no avail.

9. On March 15, 2019, Deputy Balliette was participating in basic SWAT training at which she suffered a serious head injury.  During this training, the male participants were issued protective headgear but the female participants were not.  As a result of her head injury, Deputy Balliette was placed on restrictive, light duty; limited to desk work during her ongoing recovery.  Deputy Balliette ensured her superiors and the Department Human Resources representative was informed of her improvement and continued work restrictions.

10. On August 7, 2019, Deputy Balliette was directed to conduct an inventory as the day before, it was discovered that a CONEX trailer has been broken into. Both Deputy Chief Bates and Sheriff Corbett informed Deputy Balliette that she was to conduct an inventory. They were both reminded that she was on restricted duty and both reiterated that she was to conduct the inventory. When she requested assistance to perform the inventory, she was informed there were no personnel available to assist her, to use some inmates. Complying with the directives of both the Sheriff and Deputy Chief, she obtained the assistance of several inmates and proceeded to direct them in locating, retrieving, moving, and returning boxes of materials and items. As she was using inmates, she was required to be present the entirety of the time as she was unable to get anyone within the Department to assist or relieve her. The Temperature that day had a high of 98º F and humidity of 36%. During the time she was conducting the inventory, she was provided access to a single bottle of water, courtesy of a passing staff member.

11. The practice of using inmates is contrary to procedures and despite Deputy Balliette having pointed this out on previous occasions, remained as a continued practice of the Van Zandt Sheriff's Department, with the knowledge and specific approval of both the Sheriff and Deputy Chief of the Department.

12. In October 2019, Deputy Balliette was placed under investigation for various complaints, among them that she was having sex with inmates. Deputy Balliette adamantly refuted the complaints.

13. On or about November 11, 2019, Deputy Balliette, while attempting to perform one of her duties, she required access to the Texas information systems, and was unable to access the system. She requested assistance from another staff member and in the days that followed, was granted access. She then learned that the staff member had taken the certification test on her behalf without

information her, as was the approved practice at the Department. Balliette filed a formal complaint with the Texas Commission on Law Enforcement ("TCOLE").

14. Deputy Balliette asserted that it had become a standard, approved practice at the Van Zandt Sheriff's Department for one person to take the State's Texas Law Enforcement Telecommunications System ("TLETS") certification test. As a result of her complaint, upon information and belief, TCOLE commenced an investigation and there were subsequent personnel changes at the Department.

15. In December 2019, Deputy Balliette was informed that she was being terminated and provided her with 24 hours to respond to the charges forming the basis of the termination. The outcome of the investigation appears to be that the original complaints for the investigation were unfounded but it had been determined that she had failed to perform the essential functions of her job as Property/Evidence Manager.

16. On January 1, 2020, a new Sheriff was sworn in for Van Zandt County.

17. At all times relevant herein, Defendants Corbett and Bates were acting in their capacity as administrators of Deputy Balliette and pursuant to the practices, customs, mores, and usages of the Van Zandt County Sheriff's Department in connection with the treatment of personnel having suffered a work-related injury and placed on restricted, light duty. The actions of the individual Defendants complained of constitute an abuse of power held uniquely because of a state position and the result solely of an explicit invocation of their governmental authority.

18. Further, it is alleged that after Deputy Balliette filed her complaint with the Texas Commission on Law Enforcement, she was subject to a conspiracy by Defendants Corbett and Bates to find grounds to fire her. Corbett and Bates relied upon ratified informal policies, procedures, customs, and practices which exhibited manifest indifference to the constitutional and

statutory rights of employees of the Van Zandt County Sheriff's Department in the arbitrary and capricious disregard of medically directed work restrictions of Deputy Balliette, and in the disregard of established procedures for securing property and evidence.

19. The acts and inactions of the individual defendants violated Deputy Balliette's rights as provided under the U.S. Constitution, as well as the protections afforded public safety employees under Texas Labor Code, Section 451.001.

## CAUSES OF ACTIONS, DAMAGES, AND RELIEF

20. Plaintiff incorporates by reference all factual allegations of paragraphs 7 through 19 above as though fully set forth at length herein and asserts that the same are moving factors which have resulted in the violation of Genevieve Balliette's rights. 42 U.S.C. §1985 creates a private right of action for redressing constitutional violations by those acting under color of state law.

21. <u>Conspiracy to interfere with Balliette's duties to perform her duties.</u>. The actions of Defendants Corbett and Bates conspired to prevent Deputy Balliette from performing her duties consistent with the medical restrictions she was placed on sue to her work-related injuries. Distinct from the capricious treatment of Balliette while on restricted duty, Defendants' Corbett and Bates conspired to interfere with Balliette's ability to perform her duties as Property/Evidence Manager which they would both later orchestrate as a basis for her termination. Defendants Corbett and Bates' actions were done with the full knowledge that their actions had the potential to compromise ongoing investigations as well as past, pending and future prosecutions by failing to properly ensure the security of evidence and protect the chain of custody to withstand later scrutiny during any judicial process.

22. Further, the actions of Defendants Corbett and Bates, both independently and in concert, served to deprive Deputy Balliette of the equal protection of the laws by denying her adequate due process during the process of her termination by depriving her of a reasonable time to respond to charges which had devolved from the initial charges she had been placed on notice of.

23. <u>State claim for discrimination against an employee who filed a worker's compensation claim</u>. Deputy Balliette also asserts a claim against Van Zandt County for the actions of Defendant Corbett and Bates having discriminated against her by repeatedly ignoring her medical restrictions and directing her to perform duties beyond the scope of her medically authorized work.

## DAMAGES

24. Plaintiff is entitled to damages pursuant to 42 U.S.C. §1985 and as permitted under State law. Due to the wrongful acts of Defendants Corbett and Bates; and Van Zandt County, Deputy Balliette was caused to suffer mental anguish as a result of her experiences whilst on medically directed restricted light duty as well as her subsequent termination and have caused Deputy Balliette to incur significant expense in protecting her rights.

25. Plaintiff sues Defendant Corbett for $100,000 or a sum as considered appropriate by the trier of fact.

26. Plaintiff sues Defendant Bates for $100,000 or a sum as considered appropriate by the trier of fact.

27. Plaintiff seeks recovery of her past and future wages, contributions and other forms of compensation lost due to her wrongful termination.

28. Plaintiff seeks compensation for her mental anguish and emotional distress, and loss of consortium.

29.     Plaintiff seeks compensation for the damage to her professional reputation by the wrongful termination and characterization of her law enforcement certification.

30.     Plaintiff sues the Defendant Van Zandt County for $250,000 or a sum as considered appropriate by the trier of fact for the practices, customs and/or usages and its express failure to prevent the acts complained of herein, and for acquiescing in the same.

31.     <u>Exemplary Damages</u>.  The actions by Defendants Corbett and Bates were carried out with a blatant disregard for Deputy Balliette's rights.  Plaintiff would show that the conduct in this matter by Defendants Corbett and Bates were so egregious, intentional, and wanton that exemplary damages should be awarded by the trier of fact.  Consequently, Deputy Balliette seeks exemplary damages as to Defendants Corbett and Bates in an amount as may be found to be proper under the facts and circumstances of this case.

32.     Plaintiff seeks such other and further relief, general and special, legal, and equitable, to which he may show himself justly entitled.

33.     As a result of the actions of each Defendant, Plaintiff has been required to employ the undersigned attorney to represent him in obtaining the relief requested and Plaintiff requests that this Court enter judgment against Defendants for reasonable attorney's fees and expenses for the services for the undersigned attorney performed and to be performed.

34.     Plaintiff request costs of court.

35.     Plaintiff requests prejudgment interest.

36.     Plaintiff requests post judgment interest.

WHEREFORE, PREMISES CONSIDERED, Deputy Balliette, Plaintiff, prays that Defendants answer this Complaint, that this matter be placed upon the district court's docket.  That

Plaintiff obtain all relief, at law or in equity, general or special to which she may be justly entitled, including an award of compensatory and punitive damages, court costs, and attorney's fees.

Date:  6th day of August 2021.

                                                    Respectfully submitted,

                                                    _____
                                                    David D. Davis
                                                    State Bar No. 00790568

                                                    LAW OFFICE OF DAVID D. DAVIS, PLLC
                                                    4144 N. Central Expy., Ste. 910
                                                    Dallas, Texas, 75204
                                                    972.634.3440   Telephone
                                                    972.634.3640   Facsimile
                                                    ddd@dddavislaw.net